## In The United States District Court
## For The Northern District Of Texas
## Dallas Division

| | | |
|---|---|---|
| MICHAEL W. BROWNING, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:20-CV-2936-N-BK |
| | § | |
| APPLE INC., ET AL., | § | |
| DEFENDANTS. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States magistrate judge for case management, including entry of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this case should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

### I.    BACKGROUND

On September 23, 2020, Plaintiff Michael W. Browning filed a *pro se* complaint against Apple Inc., Christopher J. Bhatti, Vincent J. Bhatti, Susan D. Bhatti, and Ditty S Bhatti. Doc. 3 at 1. He asserts *in toto*: "Violation of Civil Rights, Breach of Release and Indemnity Agreement, Ponzi Scheme." Doc. 3 at 1. On the second page, Browning states in its entirety: "Re: Apple Complaint IDs 100954524815, 100953556880; FCC Complaint." Doc. 3 at 2. With the complaint, he also encloses (1) *Defendant's Request for Response to Motion for Protective Order* in a civil action that settled in 2016, *see Bhatti v. Concept America Inc. c/o Restaurants – America Prime, Prime Bar Greenway, LLC; and Michael Browning*, No. 3:14-CV-3445-L (N.D.

Tex. Sep. 21, 2016), and (2) a copy of the *Release and Indemnity Agreement* for Case No. 3:14-CV-3445-L. Doc. 3 at 3-9.

In the civil cover sheet, Browning checks "Federal Question" as the jurisdictional basis for the complaint and describes his cause of action as "Violation of Civil Rights, Breach of Release and Indemnity Agreement." Doc. 3 at 10. He also requests damages of $999,999,999,000,000.00 and notes that some of the Defendants are from Dallas County. *Id.*

Upon review, Browning fails to present a sufficient basis for federal question jurisdiction and, as such, this action should be dismissed for want of jurisdiction.[1]

## II.    ANALYSIS

Before screening an *in forma pauperis* complaint under 28 U.S.C. § 1915(e), the Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Unless otherwise provided by statute, a federal district court has subject matter jurisdiction over (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) a case where there is complete diversity of citizenship between parties and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. "Under the well-pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's

---

[1] Browning's motion to proceed *in forma pauperis* does not provide enough information to determine whether Plaintiff should be granted *in forma pauperis* status. Doc. 4. That notwithstanding, it is more efficient to dismiss the complaint than to require compliance with this Court's filing requirements.

well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.'" *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008).

The Court liberally construes Browning's complaint with all deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, Browning has not alleged facts that establish federal question jurisdiction.

"A federal question exists only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008) (citation and internal quotation marks omitted). The complaint in this case contains no factual allegations that support federal question jurisdiction. Doc. 3 at 1-2. Browning's mere mention of civil rights violations and his check of "Federal Question" as the jurisdictional basis in the civil cover sheet are insufficient to confer jurisdiction. Notably, Browning does not identify any constitutional or federal statutory violation. Doc. 3 at 1, 9. At best, his complaint alleges a breach of the Indemnity Agreement, which (when properly pled) amounts only to a state law claim.

Also, Browning's scant pleadings, including his assertion that some Defendants reside in Dallas County, defeat subject-matter jurisdiction on the basis of diversity. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (district court cannot exercise diversity jurisdiction if the plaintiff shares the same state of citizenship as any one of the defendants) (citation omitted). Finally, because the *Complaint* does not present a sufficient basis for federal

question or diversity jurisdiction, the Court cannot exercise supplemental jurisdiction over any state law claims. 28 U.S.C. § 1367(a).

Accordingly, the complaint should be dismissed *sua sponte* and without prejudice for lack of subject matter jurisdiction.

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke, 587 F.3d 764, 767-68 (5th Cir. 2009).* Here, the facts as alleged by Browning in his complaint clearly demonstrate a lack of subject matter jurisdiction in this Court. Thus, granting leave to amend would be futile and cause needless delay.

### IV. CONCLUSION

For the foregoing reasons, this action should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. *See* FED. R. CIV. P. 12(h)(3).

**SO RECOMMENDED** on September 30, 2020.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).